UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA R. CHURCHILL,<br><br>        Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART,<br><br>        Defendant.<br>_____/ | No. C-05-3554 JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION TO REMAND AND REMANDING FOR ADDITIONAL PROCEEDINGS [Docket Nos. 12, 16]** |

    Plaintiff in this action challenges a decision of the Social Security Commissioner ("the Commissioner") denying in part her application for Social Security Disability Benefits. In her Motion for Summary Judgment ("Summary Judgment Motion"), Plaintiff requested that the Court find Plaintiff disabled as a matter of law and award benefits. In the alternative, Plaintiff asked that the case be remanded to the Social Security Commissioner for further proceedings. In response, Defendant brought a motion requesting that the case be remanded for further proceedings ("the Motion to Remand"), proposing specific instructions be given on remand. Defendant did not address Plaintiff's request that the Court find Plaintiff disabled as a matter of law. In her Reply, Plaintiff agreed to Defendant's request for remand, including the instructions proposed by Defendant, thus implicitly withdrawing her request for an award of benefits by the Court. Accordingly, the Summary Judgment Motion is GRANTED as to Plaintiff's request for remand and DENIED as to her request for an award of benefits. The Motion to Remand is GRANTED.

    Upon remand, the Administrative Law Judge ("ALJ") will provide a detailed rationale regarding the weight assigned to the opinions of Dr. Wilson Yap and Dr. Antoine Samman. The ALJ also will assess Claimant's obesity in accordance with Social Security Ruling 02-01p, and

obtain medical expert testimony to assist in assessing the severity of Claimant's combined impairments from her alleged onset date until November 9, 2003, the date the ALJ found that Claimant was disabled. The ALJ will further consider Claimant's subjective complaints, and provide a function-by-function assessment of Claimant's ability to perform work-related activity, with specific references to the evidence in the record in support of the assessed limitations.

The Court declines Plaintiff's request to set a 60 day deadline for remand to the Social Security Administration's Office of Disability Adjudication and Review.

IT IS SO ORDERED.

DATED: June 22, 2006

JOSEPH C. SPERO
United States Magistrate Judge